UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PATRICK SMRZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHELL WAMBLE-FISHER and ASHLEY DOWELL,<br><br>    Defendants. | Case No. 1:12-CV-00476-BLW<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies. (Dkt. 12.) The Court, having reviewed the pending motion and the record herein, enters the following order.

## BACKGROUND

This action was severed from Case No. 1:11-cv-00605-BLW wherein eight inmates alleged they suffered retaliatory termination from their volunteer positions in the Life Transitions Program at Idaho State Correctional Institution (ISCI). In response to that order, this case commenced on September 14, 2012, with the filing of Plaintiff's Amended Complaint against Defendants Wamble-Fisher and Dowell. (Dkt. 1.) Plaintiff alleges that Defendant Wamble-Fisher violated his right to practice his religious beliefs

ORDER - 1

under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Act (RLUIPA) when she wrongfully terminated chapel services, programming, chapel volunteers and the Life Transitions Program (LTP) at ISCI. Plaintiff further alleges that Defendant Dowell wrongfully terminated Plaintiff from the LTP program in violation of Plaintiff's First and Fourteenth Amendment rights. (*Id.*) In the Initial Review Order, the Court permitted Plaintiff to proceed on these claims against Defendants Wamble-Fisher and Dowell. (Dkt. 6.)

On March 26, 2013, Defendants filed the instant Motion to Dismiss based on Plaintiff's failure to exhaust his administrative remedies. (Dkt. 12.) The next day, the Court sent Plaintiff a Notice to Pro Se Litigants of the Summary Judgment Rule Requirements which explained Plaintiff's obligations going forward to timely and appropriately respond to Defendants' Motion to Dismiss. The Notice also included the following warning:

> Please be advised that if you do not file your response opposing the motion within 21 days (or such other time period set by the court), your failure to file a response will constitute your consent to the court granting the motion. See Local Rule 7.1(e). If this occurs, the court will consider the motion, and, if it has merit, it will dismiss some or all of your claims. If all of your claims are dismissed, judgment will be entered against you and your case will be closed without a trial or evidentiary hearing.

(Dkt. 13, p.2.) Plaintiff has not responded to Defendants' Motion to Dismiss.

## STANDARD OF LAW

District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion. *Hamilton Copper & Steel*

*Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir.1990) (citations omitted). The Ninth Circuit has advised district courts to consider the following prior to involuntarily dismissing a case:

> We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders. *Buss v. Western Airlines, Inc*., 738 F.2d 1053 (9th Cir.1984), *cert. denied*, 469 U.S. 1192, 105 S.Ct. 968 (1985); *Chism v. National Heritage Life Insurance Col,* 637 F.2d 1328 (9th Cir. 1981); *Transamerica Corporation v. Transamerica Bancgrowth Corp.*, 627 F.2d 963 (9th Cir.1980).  However, because dismissal is such a severe remedy, we have allowed its imposition in these circumstances only after requiring the district court to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions. *Henderson*, at 1423 and 1424; *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984), *cert. denied*, 470 U.S. 1007, 105 S.Ct. 1368 (1985); *Mir v. Fosburg*, 706 F.2d 916, 918 (9th Cir.1983).

*Thompson v. Housing Authority of City of Los Angeles*, 782 F.2d 829, 831-32 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986). In addition, in cases involving a *sua sponte* dismissal of an action, rather than dismissal following a noticed motion under Fed. R. Civ. P. 41(b), "the two decisive factors . . . are the failure to warn and the consideration of less drastic alternatives." *Cooper v. Marylind Foundation*, 25 Fed. Appx. 596, 597 (9th Cir. 2001) (citing *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).

## DISCUSSION

The Court finds that dismissal of this action for Plaintiff's failure to prosecute is appropriate. The first two *Thompson* factors are a matter of court discretion based on the

facts and procedural history of the case. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (The district judge is in the best position to decide when delay in a particular case interferes with docket management and the public interest). This action has been pending for a year, and Plaintiff has not pursued this case for six months. In fact, since filing the Amended Complaint, Plaintiff has filed nothing further to indicate that he wishes to pursue this case. "The court cannot manage its docket if it maintains cases in which parties failed to litigate their cases."*U.S. ex rel. Graybar Elec. Co., Inc. v. Miller/Watts*, Slip Copy 2012 WL 396457 *1 (E.D. Cal. 2012). Accordingly, the first two factors weigh in favor of dismissal.

As to the third factor, the risk of prejudice to the Defendants, Plaintiff's failure to respond to the pending Motion to Dismiss impedes the Defendants' ability to proceed to trial and interferes with the rightful decision of this case. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). This factor therefore favors dismissal as well.

The fourth factor – public policy favoring disposition of cases on their merits – normally weighs against dismissal. However, a case that is stalled by "a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA Products Liability*, 460 F.3d 1217, 1228 (9th Cir. 2006). Thus, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id*. The Court finds this factor has little weight in actions such as this one where Plaintiff has been unable or unwilling to pursue his claim against the Defendants.

**ORDER - 4**

The final factor is the availability of less drastic sanctions. But at this stage in the proceedings, "there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources." *U.S. ex rel. Graybar Elec. Co., Inc.*, Slip Copy 2012 WL 396457 at *2. Moreover, the Court previously warned Plaintiff that a failure to respond in a timely manner would result in dismissal of Plaintiff's claims. (*See* Dkt. 13.) Having weighed all five factors for involuntary dismissal, the Court concludes that this action will be dismissed without prejudice for Plaintiff's failure to prosecute this case.[1]

## ORDER

IT IS ORDERED:

1. This action is **DISMISSED** for Plaintiff's failure to prosecute. All claims against Defendants Wamble-Fisher and Dowell are dismissed without prejudice.

2. The Clerk of the Court is directed to close the case.

DATED:  **September 28, 2013**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[1] The Court notes that the dismissal without prejudice result would be the same if it granted Defendants' Motion to Dismiss for failure to exhaust administrative remedies.